The next case before us this morning is United States v. Knapp, 18-8031. Counsel, please. Josh Lee for Mrs. Knapp. Nicole Romine for the United States Government. Mr. Lee, if you'll proceed. May it please the court, we're asking that the court hold unconstitutional the warrantless search of Ms. Knapp's purse purportedly incident to her arrest for three mutually enforcing reasons. The first is that by the time of the search, the police had this situation totally under control and they weren't in the sort of chaotic situation that can justify a search incident to arrest. Second, by the time of the search, the purse was only in proximity to Ms. Knapp because the police had chosen to put it there and they can't bootstrap themselves into an exception to the warrant requirement. And third, there was no realistic possibility at the time of the search that Ms. Knapp could have gotten a weapon from a purse and used it against the officers. What do we do about her statement? About her statement? Yeah. There's a gun in the purse, that's why I didn't want to give it to you. Right, so there's a couple of things about that. The first is, assuming that the police got that information legitimately, what they could have done is lock the purse in the truck and seek a warrant. Just like when you have probable cause for any other evidence, you've got to get a warrant. And the fact that they had probable cause doesn't excuse the failure to get a warrant because that would eviscerate the warrant requirement. The second problem with that is that the police only got that information because they claimed the authority to conduct a search beforehand. So they said, you might as well tell us what's in this purse because we're going to search it anyway. And if you tell us what's in it, we can work with that. Then she says, well, I have to say there's a gun in the purse. And so there's a case from the Fourth Circuit called Safir, which is also discussed in Lafayette, that says if you claim the authority to search and then get information based on that incorrect claim of authority, you can't use the information that you got to justify a search. But the bigger problem is just they needed a warrant and they didn't get one. So I want to focus today on this third point about the realistic possibility of her getting access to the weapon at the time of the search. If the weapon were deemed to be on her person, would that really matter? If it were deemed to be on a person, it would not matter. And then why isn't this a case that it can be resolved because the weapon was on her person? It has to be. So a couple of things. It would have to be on her person at the time of the search for one thing. And the second, a handheld container is not an aspect of the person. Well, two things. Where do you get at the time of the search? If the search incident to the arrest, she was arrested. The justification for that exception is that your expectation of privacy is diminished and that whatever justification is needed has already taken place by virtue of the arrest. She was still arrested. She was arrested at the time. And at that time, that purse was sitting right there next to her. And in fact, she grabbed it. So at that point where she had a diminished expectation of privacy, she's hugging the purse. And so why is that not in itself sufficient to say that that purse is close? I think the case law uses language like closely associated with the person or something like that. Why isn't that purse closely associated with her person? Well, the closely associated with the person refers to clothing, not to containers that the arrestee is possessed. It's general language. It could be, well, there was a container in Robinson which held the heroin that was in his pocket. That's the distinction is that it's in his pocket. And what the court said is once you've started a legitimate search of the person's clothing, you don't then have to stop because you find a container in the clothing. If she had had a wallet, would we be arguing about that? If she'd had a wallet, there wouldn't be an issue about the realistic possibility of her accessing it. No, no, no, no. I'm sorry. I wasn't clear on my question. Would we have any concern about whether that wallet was closely associated with her person such that the search of that wallet and the search of the contents of the wallet was a search of her person? If the wallet's in her clothing, no. Well, why should it matter? Women don't, a lot of women, I'm not trying to be sexist here, a lot of women don't carry wallets. And those wallets or that purse is deemed to be closely associated with their person. So here's the distinction. The distinction is, is the property so inextricably intertwined with the person that you can't separate them from it? She felt it was when she grabbed it, didn't she? No, it's not. It's an objective standard of could the police remove it from her? And you can't remove a person's clothes. You can't remove a person's body. So because of that, you don't have to ask, could they access it? Because you always have access to your clothes and to your body. But you don't always have access to property that's handheld that can be removed from the person. And that's why the courts have, all of the courts of appeals have said you apply chimmel and gant to things like backpacks, briefcases, gym bags. And I don't see how you can distinguish backpacks, briefcases, and gym bags from purses. I don't see how you can distinguish a purse from the wallet. I mean, they're both serving the same function for that same individual. It happens to be a pattern of use. No difference in terms of how that individual used that item and the closeness with which that item is associated with them. So you don't ask how the person uses it. You ask what the police can do to protect themselves. You can't take an arrestee's clothing off of them if you're the police to protect yourself. You can't take an arrestee's body from him in order to protect yourself. Well, you don't have to search the wallet to protect yourself. I mean, you could have taken the wallet, to your point, you could have taken out that wallet and said, hmm, now I have the wallet, I have it within my control, and I will just put it aside and get it worn. That's the distinction that's drawn in Robinson, though. In the wallet hypothetical, there's no question that the officers can search an arrestee's pocket to find the wallet. And once you have begun, this is what it says in Robinson, once you've begun a legitimate search, you don't have to stop just because you find a container. That's too fine of a line. But here, they didn't have any authority to even start the search. So you can't rely on Robinson because in Robinson, they could start the search of the pockets, then they find the wallet, they don't have to stop. But here, the purse could have been removed from her before the search even started, and that's the distinction. And again, I just don't think that you can distinguish purses from backpacks and gym bags and all of those other things. So I also think that that's why the search of the purse doctrine doesn't apply. And it's to conclude that the search of the purse doctrine doesn't apply, it's completely unrealistic to think that she could have accessed this purse. The facts of the case are that at the time of the search, her hands are cuffed behind her back. The purse is zipped up three feet away from her and behind her. She's guarded by multiple officers, so she's got one officer who's right in front of her, another officer between her and the purse. So the law under Gant is that you can only search incident to arrest if the arrestee is unsecured and has a realistic possibility of accessing her purse. But here, she was secured because she was under the officer's control. And there's no realistic possibility that with her hands cuffed behind her back, she could overpower multiple officers, somehow unzip a purse, and get a weapon inside the purse and use it against the officers. And that's consistent with this court's decision in Baca, which I cited in my opening briefs. In that case, this court said, you're not allowed to search a chest of drawers, incident to arrest, where the arrestee was handcuffed behind his back. That case applies Chimmel,  It's also consistent with the consensus among the Court of Appeals, not only that containers like backpacks and purses and briefcases are subject to Chimmel and Gant, but also that you can't assume that the arrestee is a Houdini, an acrobat, or a superhero in deciding whether you can search incident to arrest. The government also makes one further point that I'll go into. They say that even if it's not a search of the person, that the Supreme Court's decision in Gant should be limited to vehicles. But a Gant just applies and refines Chimmel, which was not a vehicle case, and which governs search as incident to arrest generally. And the government hasn't articulated any reason why we should distinguish vehicle passenger compartments from other containers. And applying Gant outside the vehicle context would be consistent with Baca, and again, with how all of the other Courts of Appeals have treated Gant. So if there aren't further questions, I'd like to reserve the remainder of my time. May it please the Court, Counsel, Nicole Romine for the government. This kind of goes back to some very basic fundamentals about Fourth Amendment law in the context of search incident to arrest. So I want to start with the fundamental issue in this case, that Ms. Knapp was arrested when she decided to submit to the officer's authority, left the vehicle, and took her purse. So at that point that she leaves the vehicle and submits to the officer's authority after he informs her, hey, I have an arrest warrant for you, and she takes that vehicle, she's been arrested at that submission of his authority. And at that moment, she has her purse on her. The Court's finding is that this was not a situation where the officer commanded that she take the purse, or that he manufactured this situation, and it is the government's perspective that at that point, we're dealing with a Robinson issue. The purse was on her person, and so we have a container search under U.S. v. Robinson. Is there a difference between on her person and in her possession? The evidence... So that's critical about whether search of the person is the doctrine we're looking at this, or whether it's something that's merely in her possession, like a briefcase. Your Honor, I think the distinction here is, in my mind as a woman, a purse is more like a coat. This is something that was directly on her person. I don't think there's an actual factual finding as to where it was on her body at the time that she left. She had it in her hand. She did. She didn't have a strap over her shoulder. I don't think there was a factual finding to that, Your Honor. But if I recall from the video that is part of the record, she was carrying the purse. She carried the purse into the grocery store where they had been responding to that theft investigation. She sat down in a bank branch kind of area within the grocery store, and the officer went over and moved the purse away as they concluded the theft investigation. Part of the problem with this case is the complicated facts surrounding what the officers were looking at. This was not a case where they were directly responding to Ms. Knapp. They had been called to the grocery store by Ms. Knapp. She was with a friend who had been the victim of a theft. They ultimately made contact with that theft suspect. Ms. Knapp's friend decided not to press charges. They allowed Ms. Knapp and her friend to leave, and they had called Ms. Knapp and the friend's information into dispatch to add them to the call detail record. Shortly thereafter, law enforcement was informed that Ms. Knapp had an active warrant for her arrest. As one officer goes out to try to contact Ms. Knapp in the parking lot and effectuate that arrest warrant, he brings her back in to help the second officer wrap up the theft investigation. The facts are unique in that we have two officers in a complex situation where they're dealing with Ms. Knapp, Ms. Knapp's friend who left the vehicle because he did not have a driver's license to take the truck, which is part of the court's finding, and the theft suspect. So in some ways, the facts underlying when the search was conducted is complicated by the fact that you have two officers who are trying to deal with two separate investigations at the same time. It is the government's contention that what this really is is a search under U.S. v. Robinson. And if it isn't, at least at first blush, it seems to me you've got a problem because I don't, as it relates to search of immediate surroundings, yes, Ms. Knapp had the purse when she got out of the car. I mean, she took it with her. But at that later, they took possession of the purse from her. They had possession, sole possession of the purse. And then they handcuffed her, which means they could have put the purse anywhere. They just happened to put it behind her. So let's go on to that for a moment. Tell me what's your best argument for why, under a shimmel theory, that she, in fact, would have had that purse in her immediate surroundings. And in particular, what I want to focus on is the fact that before that purse was put behind her, the law enforcement had that purse fully within their control. I want to hit on two points there. First, I think your Honor's question presents the very problem that we have with why this wouldn't be in container search. Because if this is not a search under Robinson, then what is the situation that you're presenting officers? The situation you're presenting officers is if someone has a container on them, you have to give them an opportunity to dispossess that or to lock it away. I don't understand what you mean by on them. I mean, she's holding the purse at this point. She wasn't. They took the purse away from her and put it far out of her reach. In a response to be able to safely secure it as they wrapped up the separate theft investigation. Yes, but at that point, under a shimmel theory, why then would there have been any justification for destruction of evidence, any justification for officer safety? They had the purse. They had control of the purse. They didn't immediately handcuff her, but they could have. And so why at that juncture would a shimmel theory even work? Well, two things, Your Honor. One, I believe it's U.S. v. Edwards, which in my brief does say that a search incident to arrest that could have lawfully been conducted at the time of the arrest could be conducted at a second time. Edwards is a search of the person case. It's not a shimmel case. Correct. Well, I'm talking about the shimmel theory now. Right. So moving on to the shimmel theory, as this Court knows, a suspect being handcuffed isn't the only factor to look at. You look at where the suspect was in relation to the actual object that was being searched. You will look at the surroundings, the number of the officers, other people at the scene. And in this case, what we have again is, I would disagree with the appellant, this isn't a chaotic scene. We are in a busy parking lot of a grocery store. It serves many different businesses, not just the grocery store. It's night at this point. You've got three officers, a lady who hadn't paid a fine, handcuffed behind her back. Yes. It's not complicated. Well, it's complicated in that you are in a crowded parking lot. Mr. Fultz. I didn't show it was crowded necessarily, or people were milling all around. I believe there is testimony from one of the officers at the suppression hearing regarding that fact. I did go back and look at the Court's order. I mean, the point is, as Judge Holmes mentioned, that it was done, it was far, it was away. They had it in their possession. They had had it essentially since inside the store, which was before she was really actually arrested. Well, I believe the judge found, and it's the government's... I went back in for it. Yeah, that she would have been arrested at the time. I believe it's California versus Herdari D that talks about when is someone actually arrested. And a person is arrested when either there is an application of physical force, or when there's a submission to an officer's exercise of authority. All right. Well, okay. She's arrested then. Only Chimmel now is what we're talking about. I can see under a Chimmel theory, clearly the officers could have searched her purse right then and there when she's holding on to it. But that's not how it played out. She went into the office. They took the purse. They had the purse. They put the purse away from her, where at least my reading of the record was she could not have gotten that purse. I mean, and so in that moment in time, there was no foundation for a Chimmel theory to apply. The only way it then resurrected itself was because they put the purse behind her. So what am I missing in that? Well, Your Honor, I think you just highlighted the government's concern about this case. Could the officers have searched that purse at the moment they arrested her out in the parking lot? Why not? I think most people would say yes, they could have. Most people? You mean most lay people? No, I would say most educated jurists, such as yourself, because we're operating under two theories here. Either it's a search of the purse under U.S.C. Robinson or we're dealing with a Chimmel search. So the question is if the officers had the lawful right to conduct a search incident to an arrest at that point and instead secured the object instead as they were responding and concluding the other theft investigation, does that then cut off their right to search it later? And you tell me because it seems to me the answer is different, whether you're proceeding under a Chimmel theory or whether you're proceeding under a Robinson theory. Under a Robinson theory, you could search it later, no problem. Under a Chimmel theory, hmm, I think that's a different question, a different answer. It is a very different, and it's a more complicated one. It is a more complicated one, and so I'm begging for your help in figuring out how under a Chimmel theory this would be defensible. Well, just as the judge highlighted, and first I want to clarify the government's argument. We are proceeding mainly that this is a proper search under Robinson. Focusing on Chimmel, that is a much more complicated question to be answered by this court. What the court found in its order was that given the circumstances there, that the purse was ultimately still within reach of the defendant when the search was conducted, which was, I want to say, about six minutes past from the time she was arrested until she was actually handcuffed. After she was handcuffed, about two and a half minutes passed until she makes the Mirandai statements regarding the gun. But it's those facts that she is handcuffed. There's the three officers I'm seeing. One officer is dealing with the canine. Another officer is, at that point, located, I believe, by Ms. Knapp, and the other one is by the purse. And those are facts that support a search? And I found it sort of, the district court seemed to be, at least implicit in its order, was a Chimmel theory. I mean, I didn't see much. I think it cited Robinson, no, not Robinson, Edwards maybe once. Correct. It seemed to be proceeding on a Chimmel theory in defending this, not on the notion that it was a search of her person. Am I missing something? Actually, I would agree with your Honor on that. As I went back and read it, and especially in preparing for writing the brief and then oral argument, the court's order in this case does appear to be going more on the Chimmel theory rather than Robinson. But the government, in part, and I looked at it, and I looked at it last night, but I looked at it recently, the government, in part, anyway, did make a Robinson theory below, right? That is correct. The government proceeded just as they are today on two theories, one on a Robinson theory and then two under the Chimmel theory. Could I ask you about your, oh, I'm sorry, go ahead, please. Counsel, I'm trying to get to the breaker point here. If that were a briefcase, would you still take the position you're taking now? That the briefcase was a? If it was a briefcase instead of a purse, would you take the same position that you're taking today? And that the person was carrying the briefcase when they were arrested, yes. Under Robinson. One thing I did want to note quickly for the court, I know there were some discussions about the statement that Ms. Knapp made and how that played into this, and there was an argument about whether or not that statement was sort of legally obtained. I would note that the district court, in its order, did find that any argument as to the suppression of the statements in this case was waived by the defendant. So I did want to note that for the court. On your inevitable discovery argument, I was wondering how sound that could be on a preponderance of the evidence when the officer in question, he didn't work at the jail then, he had worked there before, so we had no idea what the current procedures were at the jail. That's all you had, right? I mean, why is that enough to support inevitable discovery? Well, and I think more problematic, because as I went back and read the transcript on that, and the court kind of made a note that ultimately that was going to come down to a credibility determination as to what the standard was. And as I go back and read the order, there are no factual findings as to that issue. So upon reviewing that further, I know I did argue that in my reply brief or in my response. I think that is problematic. The court specifically did address the fact during the hearing that that was going to have to be a credibility determination, and we have none in the order on that. So with that, I see that I am running out of time. If there are no further questions from your honors, I would ask that you affirm the judge's order. There is no authority at all that I'm aware of and no authority that the government has cited in its brief that searches of things like briefcases and gym bags and the like are searches of the person that qualify under Robinson. If this court were to hold that searches of handheld containers qualify under Robinson, it would be creating a circuit split. If you look at LaFave and... I thought in LaFave's footnote there actually were some cases that they described as being briefcases under Robinson. That was before Sanders and Chadwick. Sanders and Chadwick make clear that property in an arrestee's possession doesn't qualify as a search of the person. Going back to your honors point, the court said when you're arrested, you have a reduced expectation of privacy in your body because through the fact of the arrest, the police necessarily have your body. They don't necessarily have containers that you're holding in your hand. They've got your body. And that's why LaFave says and the other courts of appeals say a search of the person is a search that involves an examination of the clothing or an intrusion into the body. Why would it be difficult, despite what the government said, why would it be difficult to draw a line between a purse and a briefcase? It seems to me that they serve different functions. They're different sizes ordinarily. I mean, we draw lines every day. I mean, I don't know why that's so difficult, and particularly given the function of a purse vis-à-vis a wallet, which those of the other gender would be more likely to have on them. I mean, I suppose that you could create a purse rule, but the line would not be the jurisprudentially correct line. Well, it would still be something that is immediately closely associated with your person. The argument would just be that a purse, unlike a briefcase, is immediately closely associated with your person, as is a wallet. And the only difference is a practice of use. Well, the reason that that would not be the jurisprudentially correct line is the test is not what function does this item serve for the arrestee. The test is what can the police do to protect themselves. That's the test. And with a wallet in a pocket, the police can't protect themselves from what's in an arrestee's pocket by separating the arrestee from his clothes. They just can't do that. The police can protect themselves by separating an arrestee from a handheld container. And that is why handheld containers are different, because they can readily be separated from the person. And again, if the court were to say, look, we're going to draw a line at purses, there's not any court of appeals cases. There are state court cases, but not any court of appeals cases that I'm aware of that draw the line there. And in fact, one federal court of appeals... I'm struggling to find it, but my recollection was that in Riley, when Riley started kicking off what were things that were immediately associated with a person, one of the things that it kicked off was a purse. I would have to go back and look at that. Well, I'll have to look, too. I was trying to find it, but I'm pretty sure I saw it. But go ahead. Yeah, there is a case, Monclavo-Cruz, that explicitly rejects the notion that a search of a purse is a search of a person. Is that the Ninth Circuit case? That's the Ninth Circuit case, that's right. And then, again, I don't see how you meaningfully distinguish a purse from a gym bag or a backpack or any other containers. I don't think that it would make sense to litigate, is this really a purse or is it a gym bag? The satchel that I carry to work every day, is that sort of like a purse? I do keep my wallet in it. I don't think that would make sense, particularly given that that's not the function of the rule. The function of the rule isn't to give the police an entitlement to search what might be in the arrestee's pocket. The function of the rule is to protect the police and where the police can do other things to ensure their safety besides searching, we apply a stricter test. And for that reason, I would ask the court to hold this wasn't a search of the person, it wasn't a chimmel search, and that the motion to suppress has to be granted. Can I ask, you keep talking about protect the police. I thought the articulated rationale for why you could search items that are on a person is because once you've arrested that person, they have a diminished expectation of privacy and therefore no other justification is necessary. That's the language of Robinson in other cases. That has nothing to do with protection. That has to do with what your expectation is at that time. That is one of the rationales. Well, if that's the rationale, then that doesn't vary when you're talking about clutching somebody's purse. You have arrested that person. They have no expectation of privacy. Sorry, I didn't mean to interrupt. You could just as easily say that they have a diminished expectation of privacy in their briefcase or Gant maybe had a diminished expectation of privacy in his car. He was in possession of the car. There's no question about that. So they have a diminished expectation of privacy in their body and things that are inextricably intertwined with their body. That's the diminished expectation of privacy. Thank you. Thank you. Case is submitted. Thank you, counsel.